ATTORNEY GENERAL, *ex rel.* HURLEY, *v.* BRIDGMAN.

CORPORATIONS—STATE BANKS—CUMULATIVE VOTING LAW.

> If the minority stockholders' cumulative voting law (3 Comp. Laws, § 8553) ever applied to the banks of the State, it was, so far as it applied to banks, repealed by the general banking law of 1887 (2 Comp. Laws, §§ 6101, 6153).

*Quo warranto* proceedings by Charles A. Blair, attorney general, on the relation of James J. Hurley, against Charles T. Bridgman and others, to determine the title to the office of director of a bank. Submitted June 9, 1903. (Docket No. 48.) Judgment for respondents on demurrer to the information September 15, 1903.

*Charles A. Blair*, Attorney General (*Black & Roberts*, of counsel), for relator.

*Durand & Carton* and *Brennan & Cook*, for respondents.

MOORE, J. Mr. Hurley claims to have been elected a director of the Union Trust & Savings Bank of Flint by a vote of the minority of stockholders, voting on the cumulation plan, as provided for by section 8553, 3 Comp. Laws. The respondents claim to be the duly elected directors of said bank, and do not recognize the election of Mr. Hurley.

Counsel are agreed that the only question involved is whether the minority of stockholders law applies to a

banking corporation organized under the general banking law of the State. It is the claim of relator that it does apply, in support of which claim counsel cite the statute itself, the case of *Attorney General, ex rel. Dusenbury*, v. *Looker*, 111 Mich. 498 (69 N. W. 929), and other cases. It is the claim of the respondents that the law does not apply to banks, *first*, because article 15, § 2, of the Constitution of the State, provides that "no general banking law shall have effect until the same shall, after its passage, be submitted to a vote of the electors of the State at a general election, and be approved by a majority of the votes cast thereon at such election," and that the law in question never was approved at a general election by a vote of the electors, and therefore cannot affect the banking law; and, *second*, because, if it ever applied to the banks of the State, it was repealed, so far as affecting the banks, by Act No. 205, Pub. Acts 1887.

In our view of the case, it will not be necessary to discuss the first of these contentions. The minority of stockholders law was passed in 1885 (Pub. Acts 1885, Act No. 112), and was amended by Act No. 123, Pub. Acts 1887, which was approved May 23, 1887, and given immediate effect. Act No. 205, Pub. Acts 1887, entitled "An act to revise the laws authorizing the business of banking, and to establish a banking department for the supervision of such business," was approved June 21, 1887. By its terms it did not become effective until 60 days after it had been adopted by the electors at the next general election. Section 12 of the act (2 Comp. Laws, § 6101) provides for the number of directors a bank shall have, and how they shall be elected, and, among other things, says:

"At a meeting of stockholders for election of directors, each share shall entitle the owner to one vote for each director; but no stockholder shall be entitled to vote who is indebted to the bank upon any obligation past due."

It is difficult to reconcile this provision with the one in the minority of stockholders law, that a stockholder may

multiply his shares of stock by the number of directors to be elected; and cast that number of votes for one director, as was done by Mr. Hurley and his friends in the case before us. · This section was adopted by the same legislature which passed the minority of stockholders law, and, in addition to the provisions of this section, it was provided by section 64 of the same act (2 Comp. Laws, § 6153) that "all acts and parts of acts of which this act is amendatory or supplementary, inconsistent with the provisions of this act, are hereby repealed." It follows, we think, that, if the cumulative voting law ever applied to the election of directors of banks organized under the banking law of 1887, it was repealed by the enactment of that law. See Suth. Stat. Const. §§ 160, 336, and the cases therein cited.

The writ is denied.

The other Justices concurred.